Chief Judge KOZINSKI,
with whom Judges O’SCANNLAIN and BEA join,
concurring:
There is profound irony in Lopez’s insistence that his death be painless. This is a description of his crimes, as related by the Arizona Supreme Court:
Overturned and broken furnishings in the blood-splattered apartment indicated that a tremendous struggle took place prior to the murder. A scarf had been stuffed into the victim’s mouth, and she had been blindfolded with her pajama pants. An autopsy revealed that her throat had been slashed, and she had been stabbed twenty-three times in her left breast and upper chest and three times in her abdomen. Seminal fluid was found in both her vagina and anus.
When the officers arrived at the victim’s residence, the apartment’s condition evinced that a bloody battle had raged throughout every room in the apartment. Blood was splattered throughout the apartment and there were blood drops on the bathroom and kitchen floors. A concentration of blood drops in the kitchen, as well as the stream of dried blood down the victim’s body and onto her bloodstained feet, indicated the victim stood for some time while being stabbed. The victim had three lacerations on her scalp and a stab wound to the left cheek. These injuries, although not fatal, caused a considerable amount of bleeding. The victim had lacerations on her right arm and bruises *1086 and cuts on her left hand, all of which were characteristic of defensive wounds.
State v. Lopez, 163 Ariz. 108, 786 P.2d 959, 962, 966 (1990). “[T]he victim endured great physical and mental suffering over a relatively protracted period of time while she struggled for her life.” State v. Lopez, 175 Ariz. 407, 857 P.2d 1261, 1271 (1993). Based on what it found to be a vicious and prolonged beating, stabbing, rape and sodomy, the trial judge held that Lopez “murdered the victim in an especially cruel, heinous, and depraved manner.” Id.
The panel delicately omits these facts, as did our previous opinion, which merely referred to the crime as “brutal,” Lopez v. Ryan, 630 F.3d 1198, 1201 n. 1 (9th Cir.2011), but common decency surely calls on us to acknowledge that Lopez is not the victim here, and whatever pain he may suffer incident to his execution pales in comparison to the agony and terror he inflicted on a defenseless woman whose body he used to sate his lust. Judge Berzon’s dissent and Judges Pregerson’s and Reinhardt’s dissentals obsess about the discomfort Lopez might suffer during his execution, but say not a word about the incomparable suffering the victim endured during the last desperate minutes of her life.
The dissenters describe with zest Towery’s execution, trying hard to make it sound like some sort of horror show. But, even if we accept the worst claims about that execution, it doesn’t amount to a hill of beans. Towery was pricked several times in an earnest effort to find a vein that supports a catheter. This is an unpleasant experience routinely borne by many people who have deep-seated veins that aren’t easily catheterized. See Anne Paxton, College of American Pathologists, “Sticking Points — How To Handle Difficult Blood Draws,” http://goo.gl/PGYVJ (last visited May 16, 2012).
The procedure is unpleasant, to be sure, but no one — not even Lopez’s advocates— claims it’s excruciating. The most the dissenters can drag out of the record are mushy phrases such as “great pain,” “severe pain” and “serious pain.” See Reinhardt dissental at 3, 4; Lopez v. Brewer, 680 F.3d 1068, 1078-79, 1082 (9th Cir.2012) (Berzon, J., concurring in part and dissenting in part). That’s how most people describe a bad headache. This level of pain simply does not rise to an Eighth Amendment violation. Towery’s discomfort, even if it were replicated in Lopez’s case, comes nowhere near true suffering, such as that endured by Estafana Holmes, who died more than a quarter-century ago after twenty-six knife wounds and multiple lacerations; being beaten, raped, sodomized and degraded; and shedding liters of blood as she struggled in vain to save her life. See Lopez, 857 P.2d at 1265. Estafana had no chance to call her lawyer; there were no witnesses to her agony; she did not get to say farewell to her loved ones; she was allowed no last meal or final statement; no Article III judges agonized over her ordeal. “The death-by-injection which [my colleagues] describe[ ] looks pretty desirable next to that.” Callins v. Collins, 510 U.S. 1141, 1142, 114 S.Ct. 1127, 127 L.Ed.2d 435 (1994) (Scalia, J., wisely concurring in the denial of certiorari).
Lopez is, of course, entitled to a humane execution; the state may not subject him to “an objectively intolerable risk of harm.” Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality op.) (internal quotation marks omitted). But the risk of some pain and discomfort, resulting from the subject’s own physiology, is not intolerable. Many medical procedures cause pain and discomfort, sometimes severe: tooth extraction; rabies vaccinations; knee surgery; skin grafts; cystoscopies, to name just a few. People endure these nonetheless as part *1087 of ordinary human existence. An execution need not be totally painless, nor is the state required to go to extraordinary lengths to avoid the possibility that the condemned criminal will suffer some pain incident to procedures designed to carry out his lawful sentence. See id.
Lopez has presented no evidence that his execution will involve “an objectively intolerable risk of serious harm.” Id. (internal quotation marks omitted). Absent such evidence, I don’t see where he has raised a viable Eighth Amendment claim or any basis for enjoining his long delayed and richly deserved execution.